**THE PEOPLE OF THE TERRITORY OF GUAM, Appellant**

v.

**VICENTE Q. AGUON, Appellee**

Criminal No. 39-A

District Court of Guam

Appellate Division

March 22, 1968

■■■■■■■■

■■■■■■■■  ●

*Counsel for Appellant:*     HAROLD W. BURNETT and JOHN P.
                      RAKER, *Attorney General's Office*
*Counsel for Appellee:*     BARRETT, FERENZ, TRAPP & GAYLE
                      (HOWARD G. TRAPP, of counsel)

Before SHRIVER, *Judge*, District Court of Guam; SHOE-CRAFT, *Chief Justice*, High Court of the Trust Territory, Pacific Islands and PEREZ, *Chief Judge*, Island Court of Guam

SHRIVER, *District Judge*

## OPINION

The People appeal from the dismissal by the Island Court of a charge against Aguon that he engaged in gambling by entering into a contract with others by which they agreed to play by a contrivance, the outcome or result of a prize fight, in violation of Section 330 of the Penal Code of Guam, which provides:

Gambling a misdemeanor. Penalty. Gambling is defined as a contract between two or more persons by which they agree to play by certain rules at cards, dice, or other contrivances, and that one shall be the winner and the other or others the loser or losers of money or other objects. Every person who gambles is guilty of a misdemeanor, and shall upon conviction by a court of proper jurisdiction be punished by a fine of not more than $100 or by imprisonment not exceeding 3 months, or by both such fine and imprisonment. *Wagering on cockfights is excepted from the provisions of this section only where persons wagering are present in person at a licensed cockpit and are 18 years of age or above.* (Emphasis added.)

The contention of the People is that by including the italicized exception as to cockfights, the Legislature intended to cover all types of wagering. On oral argument

the Island Attorney conceded that in the absence of the cock-fight exception, wagering on the outcome of a prize fight would not be covered.

At the outset we are confronted with the fact that this statute does not appear to have been taken from any other jurisdiction but appears to have been adopted during the Naval Administration. In response to a question, Chief Judge Perez pointed out that while boxing exhibitions were common during the Naval Administration, he had never heard of any prosecution for wagering on the outcome. The use of the words "cards, dice, or other contrivances" would appear to indicate that the prohibition was limited to the use of physical things in the contract. Webster's New International Dictionary, Second Edition, defines, in part, a contrivance as "A mechanical device; an appliance." In *Hannifin v. United States*, 248 F.2d 173 (9 Cir. 1957), the Court had before it the construction of a Federal statute which prohibited the movement in interstate commerce of mechanical devices. The machines in question were ordered forfeited by the United States District Court. In reversing, the Court pointed out that while the forfeited machines were clearly gambling devices, they were not devices which were covered by the description in the Federal statute and that "A statute whereby a man may be deprived of his personal property by way of punishment should be construed with strictness;".

We are of the view that the exception as regards cock-fights in Section 330 may not be construed as covering all types of wagering and that therefore the Island Court was correct in dismissing. We affirm.